UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOUR-LEAF CLOVER DAIRY, LLC, | ) | Case No. 10-13574 |
| | ) | |
| Debtor. | ) | |

## FIRST DAY CASH COLLATERAL MOTION

      Four-Leaf Clover Dairy, LLC, as the debtor and debtor in possession ("Debtor")

in the above captioned chapter 11 case ("Chapter 11 Case"), hereby files this motion ("Cash

Collateral Motion") for entry of interim and final orders authorizing use of cash collateral

pursuant to Sections 105(a), 363(c)(2), and 507(b) of the Bankruptcy Code, 11 U.S.C. §§ 101 et

seq. and Rules 4001(b), (d) and 9014 of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules").  The proposed form of interim order ("Interim Order") is attached hereto

as Exhibit A.  A proposed final order will be submitted in advance of the final hearing on this

Cash Collateral Motion.  Debtor will be filing an affidavit in support of this request as well as

Debtor's other first day motions.

      In support of this Cash Collateral Motion, the Debtor respectfully represents as

follows:

## JURISDICTION

      1.      On August 11, 2010 ("Petition Date"), the Debtor filed with the United

States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division ("Court"), its

voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11

U.S.C. § 101 et seq., as amended ("Bankruptcy Code") commencing the Chapter 11 Case.  The

Debtor continues to operate its business as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      No trustee or examiner has been appointed in the Chapter 11 Case, and no committee has been appointed or designated.

3.      This Court has jurisdiction to consider this Cash Collateral Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief sought herein are Sections 105(a), 361, 363(c)(2) and 507(b) of the Bankruptcy Code and Bankruptcy Rules 4001(b), (d), and 9014.

## COMPANY BACKGROUND AND EVENTS LEADING TO FILING

6.      The Debtor is an Indiana limited liability company that owns and operates a commercial family dairy farm located at 7630 E. 1100 S90, Geneva, Indiana 46740.  The Debtor leases its property and facilities from Four Leaf Clover Leasing, LLC on a triple net lease.  The Debtor operates on 80 acres with a herd of about 2000 Holstein dairy cattle.  The Debtor's primary source of income comes from the sale of milk to Dairy Farmers of America, Inc. ("DFA").  The Debtor receives weekly estimated payments on its milk sales from DFA and a final reconciliation payment from DFA on or about the 15th of each month for milk sold during the immediately preceding month.

7.      The recent severe fluctuations in milk prices, fuel, and feed costs directly contributed to the Debtor's current circumstances.  The Debtor has filed this Chapter 11 Case to restructure the debt on its operations and assets and continue as a valuable contributor to the local economy.

BDDB01 6289972v3

## RELIEF REQUESTED

**A.    Summary**

    8.  By this Cash Collateral Motion, the Debtor seeks the entry of an Interim Order in substantially the form of attached Exhibit A authorizing the Debtor to use Cash Collateral until the entry of a final order on this Cash Collateral Motion (the "Interim Cash Collateral Period"), the setting of a final hearing (a "Final Hearing") to hear this Cash Collateral Motion, and entry of a final order after the Final Hearing authorizing the use of cash and cash equivalents in which Bank of America, N.A. ("Bank") asserts a security interest.  Bank's alleged security interest causes such cash and cash equivalents to be considered "cash collateral" within the meaning of Section 363(a) of the Bankruptcy Code.  Without the use of the cash collateral, the Debtor may be unable to continue the normal operation of its business.  As the Debtor has an immediate and compelling need to use the cash collateral – without which it may be required to shut down before any opportunity to reorganize –  the Debtor seeks authority to use the cash collateral under an Interim Order until a Final Hearing on the Cash Collateral Motion can be held.  At the scheduled Final Hearing, the Debtor intends to seek continued use of cash collateral to operate its business and comply with its obligations as debtor in possession through its restructuring operations.

**B.    The Debtors' Need for Use of Cash Collateral**

    9.  Pursuant to section 363(a) of the Bankruptcy Code, "Cash Collateral" is defined as, *inter alia*, cash, deposit accounts, or other cash equivalents in which the estate and an entity other than the estate have an interest, and may include the proceeds, products, offspring, rents or profits of property subject to a security interest.  A prepetition security interest in the Debtor's property does not continue postpetition except as provided in Section 552(b) of the

Bankruptcy Code to the extent provided by the security agreement granting the security interest and applicable nonbankruptcy law unless otherwise ordered by the Court after notice and hearing and based on the equities of the case.  11 U.S.C. § 552(b).

10.     Bank claims a security interest in certain assets of Debtor which would constitute cash collateral of Bank ("Cash Collateral") within the meaning of section 363(a) of the Bankruptcy Code as it may be limited by section 552(b) of the Bankruptcy Code.  In order for the Debtor to operate its business and preserve the bankruptcy estate, it is critical that the Debtor have immediate authorization to use such Cash Collateral pursuant to the terms and conditions proposed herein.   The Debtor needs to be able to use the funds derived from its milk sales to purchase feed, pay employees, ensure that the cows are properly cared for, and for any emergencies that may arise for the health and safety of the cows.

11.     In addition to allowing the Debtor's business to continue, authorizing the use of Cash Collateral will enable the Debtor to (i) best utilize its existing and available financial resources, (ii) engender confidence in vendors and allow the Debtor to purchase goods and services on normal trade terms, and (iii) fund payments that will be required pursuant to other orders of this Court.

**C.     The Applicable Legal Standards**

12.     The Debtor's use of Cash Collateral is appropriate and should be authorized under section 363(c)(2) of the Bankruptcy Code, which provides that the Debtor may use, sell or lease cash collateral if "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).  In order to use cash collateral in accordance with section 363(c)(2)(B) of the Bankruptcy Code in situations where

4

the collateral holders do not consent, the Debtor is required to provide each party that holds an interest in the cash collateral, to the extent applicable, with "adequate protection" for such use as contemplated by section 361 of the Bankruptcy Code.  See 11 U.S.C. § 363(e).

13.     Bank has not consented to the use of its alleged Cash Collateral and the Debtor requests that the Court authorize the use of the Cash Collateral because the Debtor can provide Bank with adequate protection as determined and ordered by the Court.  After accounting for reasonable adequate protection payments, the Debtor's projected use of Cash Collateral will not cause Bank's position as of the Petition Date to deteriorate.

14.     The Debtor has attached a projected use of cash for the next eight weeks (inclusive of this week) as Exhibit B to this Cash Collateral Motion ("Cash Use Budget").  The Debtor's use of the Cash Collateral is necessary to the continued operations and the health and safety of the livestock.  The Debtor has and will be filing additional motions on emergency bases seeking permission to pay wages, taxes, and to maintain its current bank accounts; however, as part of this Cash Collateral Motion and to the extent the Court delays hearing the other emergency motions, the Debtor also seeks interim permission from the Court to pay such prepetition amounts as is necessary to retain its employees and maintain the health and safety of the Debtor's cattle and operations.

**D.     Interim Approval Of the Use of Cash Collateral Should be Granted**

15.     Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after the service of a motion requesting such use.  Therefore the Debtor is first requesting entry of an emergency Interim Order providing for interim use of Cash Collateral pending a Final Hearing on the Cash Collateral Motion.

5

16.     The proposed Interim Order provides for use of Cash Collateral, subject to the terms and conditions set forth in the Interim Order.  The proposed Interim Order would allow continued use of Cash Collateral during the Interim Cash Collateral Period.

17.     Under the proposed Interim Order, the Debtor would be authorized to use Cash Collateral during the Interim Cash Collateral Period to pay the necessary and reasonable expenses of operating its business, including, without limitation, payroll expenses, utility services, payroll taxes, insurance, supplies and equipment, vendor and supplier services, and other expenditures as are necessary for operating the Debtor's business.  The Debtor would also be authorized to utilize Cash Collateral during this period to make payments authorized under other orders entered by this Court, including for payment of professional and other administrative expenses.

18.     The Debtor does not believe that the use of the Cash Collateral as requested herein will result in any diminution in the Bank's position during the Interim Cash Collateral Period and accordingly requests that use of Cash Collateral pursuant to the Interim Order be granted subject to any adequate protection payments to be made during the Interim Cash Collateral Period as determined by the Court.  As the Cash Use Budget indicates, the Debtor projects that week to week it will maintain a positive balance of cash such that Bank will be adequately protected in the Debtor's use of the Cash Collateral.  Moreover, the Debtor will grant to Bank replacement liens in its assets that are similar to the assets Bank asserts a prepetition security interest in but only to the extent of the diminution in value of Bank's Cash Collateral.

19.     The proposed Interim Order contains a number of other conditions, limitations and requirements, and the summary of certain provisions herein is not intended to substitute for, or modify in any way, the language of the proposed Interim Order itself.

20.     The Debtor believes that the terms and conditions of the Interim Order are fair and reasonable under the circumstances and reflect the Debtor's exercise of reasonable business judgment consistent with the Debtor's fiduciary duties as debtor in possession.

21.     Because the use of Cash Collateral by the Debtor is necessary to prevent the irreparable harm that would befall the Debtor, its estate, its creditors and employees if the Debtor's business had to cease operations, the Court should authorize the Debtor's use of Cash Collateral and enter the Interim Order in the form of Exhibit A.

E.     **The Final Hearing and Continued Use of Cash Collateral**

22.     The Debtor also respectfully requests that the Court schedule the Final Hearing on a date prior to the expiration of the Interim Cash Collateral Period.  The intervening period will allow the parties sufficient time to attempt to achieve a consensual resolution on the use of Cash Collateral going forward, and, failing that, to prepare for a Final Hearing.  At least three (3) days prior to the Final Hearing, the Debtor will provide to the Court and other specified parties-in-interest a proposed Final Order.  The Debtor is hopeful that the proposed Final Order may be presented with the consent of Bank, and intends to work diligently to reach such agreement.  If the Debtor is unable to reach such agreement, the Debtor will present a proposed Final Order containing terms that it believes (i) are necessary for the continued normal operation of its business and the preservation of the estate, and (ii) adequately protect the interests of Bank.

BDDB01 6289972v3

23.     At the Final Hearing, Debtor intends to request that the Court grant the continued use of Cash Collateral through to the earlier of the effective date of a confirmed chapter 11 plan or the dismissal or conversion of this Chapter 11 Case.

### NOTICE

24.     On or prior to the date hereof, the Debtor has provided notice of this Cash Collateral Motion, by telephone, telecopy, electronic mail, overnight delivery service, hand delivery or by regular mail, to (i) the office of the United States Trustee for the Northern District of Indiana; (ii) the Internal Revenue Service; (iii) the Debtor's twenty (20) largest general unsecured creditors (to the extent practicable); (iv) all secured creditors, including the Bank; and (v) any party who has filed an appearance and served same on the Debtor prior to service ("Initial Notice Parties").

25.     Within five (5) business days following entry of the Interim Order, the Debtor proposes to provide notice of the Cash Collateral Motion, and a copy of the Interim Order and notice of the Final Hearing, by mail to each of the Initial Notice Parties and, without duplication, to (i) parties who have filed a request for service prior to such date, and (ii) counsel to any committee.  The Debtor requests that the Court consider such notice of the Final Hearing to be sufficient notice under Bankruptcy Rule 4001(b).

26.     Debtor requests that the Interim Order provide that objections to the proposed Final Order (which will be filed with the Court by the Debtor no later than three (3) days before the Final Hearing), shall be in writing and served upon counsel for the Debtor, the United States Trustee, and the committee (if then formed), no later than 4:00 p.m. EDT, two (2) days prior to the Final Hearing.

8

## NO PRIOR REQUEST

27.    No previous request for the relief sought in this Cash Collateral Motion has been made to this Court in the Chapter 11 Case.

**WHEREFORE**, the Debtor respectfully requests that the Court (i) schedule an immediate hearing on the proposed Interim Order; (ii) after the hearing, enter the Interim Order in substantially the form of attached Exhibit A; (iii) schedule a Final Hearing; (iv) enter an order authorizing the continued use of Cash Collateral on the terms and conditions set forth in the proposed order to be filed by Debtor with the Court no later than three (3) days before the Final Hearing; and (v) grant such other and further relief as is just and proper.

Respectfully submitted,

BAKER & DANIELS LLP

By:   /s/ Terry E. Hall

Terry E. Hall (#22041-49)                    *Proposed Counsel for the Debtor and Debtor in*
300 N. Meridian Street, Suite 2700           *Possession*
Indianapolis, IN 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
terry.hall@bakerd.com

BDDB01 6289972v3